**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PRO REO SETTLEMENT SERVICES, LLC and KEVIN RA,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**LENDING TREE, INC., HEADWAY CAPITAL, LLC, SUTTON FUNDING NY, INC., and PREMIUM MERCHANT FUNDING ONE, LLC,**<br><br>**Defendants.** | ) | **Case No.** 1:25-cv-335 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant, Headway Capital, LLC ("Headway"), hereby removes this action from the Court of Common Pleas, Cuyahoga County, Ohio, where it is pending as Case No. CV 25 109882, to the United States District Court for the Northern District of Ohio, Eastern Division.

In support of this notice, Headway states that, pursuant to 28 U.S.C. §§ 1331 and 1367, this Court has original jurisdiction over this action in which Plaintiffs allege violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and supplemental jurisdiction over Plaintiffs' state-law claims. Thus, Headway Capital respectfully files this Notice of Removal.

### I. The Removed Case.

1. On January 8, 2025, Plaintiffs filed a complaint in the Court of Common Pleas, Cuyahoga County, Ohio, captioned *Pro Reo Settlement Services, LLD and Kevin RA v. Lending Tree, Inc., Headway Capital, LLC, Sutton Funding NY, Inc., and Premium Merchant Funding One, LLC*, Case No. CV 25 109882.

2. As indicated, in addition to Headway, Plaintiffs name as Defendants Lending Tree, Inc. ("Lending Tree"), Sutton Funding NY, Inc. ("Sutton"), and Premium Merchant Funding One, LLC ("Premium").

3. On January 21, 2025, Plaintiffs served the Complaint on Headway. A copy of the summons and Complaint served on Headway is attached as **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(a), Headway states that, other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in this case have been served on Headway.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

## II. Basis for Removal – Federal Question.

6. Under 28 U.S.C. § 1331, the district courts of the United States have original jurisdiction over actions arising under the Constitution, laws, or treaties of the United States.

7. Under 28 U.S.C. § 1367, the district courts of the United States have supplemental jurisdiction over state-law claims that "are part of the same case or controversy" as federal claims over which the district courts have original jurisdiction. *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012).

8. Here, Plaintiffs allege that one or more Defendants either made improper phone calls to Plaintiffs or shared Plaintiffs' information with someone who made improper calls to Plaintiffs. As a result, Plaintiffs allege that Defendants are liable for violations of the TCPA, and common-law claims of invasion of privacy, negligence, intentional interference with business relationships, civil conspiracy, and unjust enrichment.

9. This Court has original jurisdiction over Plaintiffs' TCPA claim and supplemental jurisdiction over Plaintiffs' state-law claims. 28 U.S.C. §§ 1331, 1367.

## III. All Procedural Requirements for Removal Are Met.

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because Headway files it within 30 days of being served with the complaint.

11. Venue is proper under 28 U.S.C. § 1441(a) because the Court of Common Pleas of Cuyahoga County, Ohio, where the state-court action is pending, is located within the United States District Court for the Northern District of Ohio, Eastern Division. 28 U.S.C. § 93(a)(1).

12. Pursuant to 28 U.S.C. 1446(d), Headway will provide written notice of this removal to Plaintiffs' counsel and will file a copy of this Notice of Removal with the clerk of the Court of Common Pleas of Cuyahoga County, Ohio.

13. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court is tendered with this Notice of Removal.

14. Headway submits this Notice of Removal without waiving any defenses to the claim asserted by Plaintiffs, conceding that Plaintiffs have pleaded a claim upon which relief can be granted, or admitting that Plaintiffs are entitled to any relief whatsoever.

15. The state-court docket does not reflect service on co-Defendant Lending Tree. Thus, Lending Tree need not consent in this notice of removal. 28 U.S.C. § 1446(b)(1) (requiring consent to removal from only "defendants who have been properly joined and served").

16. Co-Defendants Sutton and Premium maintain that, although the state-court docket purports to reflect service on Sutton and Premium, Sutton and Premium have not been properly served. To the extent Sutton and Premium have not been served, their consent is not required for removal. 28 U.S.C. § 1446(b)(1).

17. Nevertheless, neither Sutton nor Premium has objected to removal.

18. Even putting that aside, Headway has "exhausted all reasonable efforts to obtain [their] consent" to removal. *Kralj v. Byers*, No. 4:06 CV 0368, 2006 WL 8449912, at *3 (N.D. Ohio Apr. 5, 2006). Because the state-court docket purports to reflect service on Sutton and Premium, Headway, through its outside counsel, contacted those companies directly and through counsel who has appeared for them in previous cases. For example, Headway spoke with a managing partner at Sutton who stressed that Sutton had not been served and he was unaware of the lawsuit before Headway brought it to his attention. Additionally, as to Premium, Headway spoke to, among others, an in-house counsel there who likewise indicated that he did not believe Premium had been served and was unaware of the complaint before Headway provided it. In short, Sutton and Premium maintain that they have not been served. Moreover, neither has appeared in state court. Thus, presumably in an abundance of caution against waiver of any argument regarding service, Sutton and Premium have indicated that their consent is not required for removal. In any event, neither Sutton nor Premium has objected to removal.

WHEREFORE, Headway Capital, LLC respectfully removes this action now pending in Court of Common Please, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division.

Dated: February 18, 2025

Respectfully submitted,

**Headway Capital, LLC**
Defendant

By: */s/ Shawn J. Anderson*
One of Its Attorneys

Shawn J. Anderson #102064
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.273.2100
Facsimile: 414.223.5000
Email: shawn.anderson@huschblackwell.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 18, 2025, the foregoing was served via mail and e-mail upon the following counsel of record:

Wendy S. Rosett
16781 Chagrin Boulevard, #304
Shaker Heights, Ohio 44120
Email: owlesq@aol.com

*Attorney for Plaintiffs*

/s/ *Shawn J. Anderson*