UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-285-MOC-DCK

| | | |
|---|---|---|
| **PRO REO SETTLEMENT SERVS., LLC, pro se,** | ) | |
| **KEVIN RA, pro se,** | ) | |
| **Plaintiffs,** | ) | **ORDER** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **LENDING TREE, INC., et al.,** | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on Defendant Headway Capital, LLC's ("Headway") Motion to Dismiss for Want of Prosecution (the "Motion"), (Doc. No. 57), which Defendant Lending Tree, Inc., has joined, (Doc. No. 58). Pro se Plaintiff Kevin Ra has filed a response in opposition to Defendant Headway's motion, (Doc. No. 62), and Defendant Headway has filed a Reply, (Doc. No. 65). Plaintiff Pro Reo Settlement Services, LLC ("Pro Reo"), has not appeared in this action.

## I. BACKGROUND

In January 2025, Plaintiffs Pro Reo and Ra filed suit against Defendants in the Court of Common Pleas, Cuyahoga County, Ohio, in Case No. 1:25-cv-335. (Doc. No. 1-1). Plaintiffs were represented by counsel at the time but are now proceeding pro se. On February 18, 2025, Headway timely removed this case to the United States District Court for the Northern District of Ohio, Eastern Division. (Doc. No. 1).

On March 18, 2025, Defendant Headway and co-Defendant Lending Tree, Inc. ("Lending Tree") filed a Motion to Compel Arbitration. (Doc. Nos. 12, 13, 15). Lending Tree also filed a Motion to Transfer Venue to this Court. (Doc. No. 16). On April 28, 2025, the Northern District

of Ohio transferred the action to this Court. (Doc. No. 35). On April 30, 2025, the Court gave notice to counsel that they should be admitted to the Court pursuant to Local Rule 83.1. However, Ra's counsel took no action to comply. Instead of appearing through counsel, on May 9, 2025, Plaintiff Ra filed a Notice of Intent to Proceed Pro Se and Motion to Stay Pending Arbitration. (Doc. Nos. 48, 49). Plaintiff Pro Reo Settlement Services, LLC has never appeared through counsel in this Court.

Shortly after Ra appeared pro se, on May 20, 2025, the Court stayed the case and all pending dates and deadlines, pending arbitration. (Doc. No. 52). In so doing, the Court noted that Ra had agreed to pursue arbitration of his claims. (Id.). Ra has not initiated arbitration in the nearly five months since this Court's Order. Indeed, other than sending Headway's counsel several combative "settlement" communications the day after this Court's order, Ra has done nothing to move this matter forward. Therefore, Defendants Headway and Lending Tree have filed the pending motion to dismiss for failure to prosecute.

## II. DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Although dismissal is a severe sanction that should be exercised with restraint, a court must balance the policy of deciding cases on their merits against the need to prevent delays. Davis v. Williams, 588 F.2d 69, 69 (4th Cir. 1978).

Accordingly, a court must consider the following factors before dismissing an action for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of

prejudice to the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal. Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir. 1989) (citing Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)); see also Cadet Constr. Co. v. Archer W. Constr., LLC, No. 22-1576, 2023 WL 5317960, at *3 (4th Cir. Aug. 18, 2023). These factors "are not a rigid four-prong test," and are fact-dependent. Cadet Constr. Co., 2023 WL 5317960, at *3 (citing Ballard, 882 F.2d at 95).

The Court finds that, after considering the above factors, dismissal for failure to prosecute is appropriate in this action. As to the first factor, Plaintiff Ra has a high degree of personal responsibility. Moreover, as noted, Plaintiff Pro Reo has never even appeared in this action. See Bolus v. Fleetwood RV, Inc., 646 F. App'x 316, 318 (4th Cir. 2016) (noting that a corporation may appear in the federal courts only through licensed counsel); Gilley v. Shoffner, 345 F. Supp. 2d 563, 566–67 (M.D.N.C. 2004) (same with regard to limited liability company). While a pro se Plaintiff is entitled to some leeway in considering the degree of responsibility, even a pro se litigant such as Ra may not remain silent for months on end and disregard court orders. See Ballard, 882 F.2d at 96 (noting that pro se litigants "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

As to the second factor, the Court finds that Defendants have an interest in having this matter resolved expeditiously. In support of the motion to dismiss, Defendant Headway asserts that it continues to expend time and incur legal costs to monitor this ongoing matter, while Ra refuses to move the case forward.

Here, the Court has stayed the case and all pending dates and deadlines, pending arbitration. (Doc. No. 52). In so doing, the Court cited Plaintiffs' agreement to pursue arbitration.

(Id.). Ra has not moved forward with arbitration, however, since this Court entered its order granting the stay pending arbitration on May 20, 2025. Thus, Plaintiffs' conduct shows that they have been deliberately proceeding in a dilatory manner as to this action, which has been pending since February 2025.

Finally, the Court finds that sanctions short of dismissal will not suffice. The Court has given Plaintiffs ample opportunity to participate and respond to Defendant's motion and the Court's orders. Under these facts, there is no proper remedy other than dismissal of Plaintiffs' claims. It is evident that Plaintiffs have abandoned their claims, and the matter will be dismissed in the interest of judicial efficiency.[1]

## III. CONCLUSION

The Court finds that this matter shall be dismissed without prejudice based on Plaintiffs' failure to prosecute this action against Defendants.

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Dismiss, (Doc. No. 57), is **GRANTED**, Lending Tree's Motion to Join in the motion, (Doc. No. 58), is **GRANTED**, and this action is dismissed without prejudice.

(2) The Clerk shall terminate all other pending motions in this action as moot. See (Doc. Nos. 14, 21, 24, 25, 60, 63, 64).

(3) The Clerk is respectfully instructed to terminate this action as to all defendants.

**IT IS SO ORDERED**.

[1] Although the two remaining Defendants did not join in the motion to dismiss, the Court will dismiss the action as to all Defendants for lack of prosecution.

Signed: December 23, 2025

Max O. Cogburn Jr.
United States District Judge